People v Olivo (2021 NY Slip Op 04561)





People v Olivo


2021 NY Slip Op 04561


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON, JJ.


2017-05023 
2017-05024

[*1]The People of the State of New York, respondent,
v
Jose Olivo, appellant. (S.C.I. Nos. 90049/17, 90050/17)


Paul Skip Laisure, New York, NY (Melissa Lee of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and George D. Adames of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Richmond County (Alan J. Meyer, J.), both rendered April 6, 2017, convicting him of criminal possession of stolen property in the fourth degree under Superior Court Information No. 90049/17, and reckless endangerment in the first degree under Superior Court Information No. 90050/17, upon his pleas of guilty, and imposing sentences. By decision and order dated April 3, 2019, this Court remitted the matter to the Supreme Court, Richmond County, to hear and determine whether the defendant should be afforded youthful offender treatment and thereafter for the submission of a report by the Supreme Court advising this Court of its determination. The appeals were held in abeyance pending receipt of a report from the Supreme Court (see People v Olivo, 171 AD3d 798). The Supreme Court (Gerianne Abriano, J.) has now filed a report. Presiding Justice LaSalle has been substituted for former Justice Roman (see 22 NYCRR 1250.1[b]).
ORDERED that the judgments are affirmed.
Pursuant to this Court's decision and order dated April 3, 2019, the parties appeared before the Supreme Court on October 14, 2020, at which time the court heard the arguments of counsel and reviewed relevant documents. In its report dated November 10, 2020, the court denied the defendant youthful offender treatment.
"'The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case'" (People v Hargrove, 186 AD3d 855, 855-856, quoting People v McEachern, 163 AD3d 850, 851). "In making such a determination, factors to be considered by the court include 'the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life'" (People v Marcel G., 183 AD3d 667, 668, quoting People v Cruickshank, 105 AD2d 325, 334, affd sub nom. People v Dawn Maria C., 67 NY2d 625).
Here, upon remittitur, the Supreme Court providently exercised its discretion in denying the defendant youthful offender treatment. Accordingly, we affirm the judgments.
LASALLE, P.J., MASTRO, AUSTIN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court